IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

**MILDRED LOUISE MCCOLLUM,**

    Appellant,

Vs.

                    Lake Chancery No. 3833
                    C.A. No. 02A01-9604-CH-00067

**KLIFF ANDREW MCCOLLUM,**

    Appellee.

_____

FROM THE LAKE COUNTY CHANCERY COURT
THE HONORABLE JOE G. RILEY, CIRCUIT JUDGE
SITTING BY INTERCHANGE

FILED

**April 7, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

Marianna Williams of Dyersburg
For Appellant

Timothy C. Naifeh of Tiptonville
For Appellee

*REMANDED*

Opinion filed:

                    **W. FRANK CRAWFORD,**
                    **PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

    This case involves a petition to change child custody[1] and modify child support.

---

    [1]The trial court's custody decision is not involved in this appeal.

Respondent-appellant, Mildred Louise McCollum (Wife), appeals the trial court's order reducing the amount of the future child support obligation of petitioner-appellee, Kliff Andrew McCollum (Husband), to reflect the change in the custody of one of the parties' children.

The record in this case consists of the statement of the evidence, which is very meager at best, and the technical record. The facts gleaned from this record are as follows.

The parties were divorced by a decree entered on September 1, 1993. They entered into a Marital Dissolution Agreement (MDA), which was approved and ratified by the trial court in the final decree of divorce. The parties have three children together: Drew McCollum, born August 22, 1979; Zada McCollum, born November 9, 1981; and Rachel McCollum, born May 6, 1990. Pursuant to the MDA, the trial court awarded the parties joint legal custody of the three children, with primary physical custody to Wife and reasonable and liberal visitation rights to Husband. The MDA provided that Husband would pay 41% of his net income or $150.00 per week, whichever was greater, as support for the three children. The MDA further provided that Wife would maintain medical insurance on all three children.

On June 30, 1995, Husband filed a petition to change child custody and modify the child support award. He requested that the court grant him primary custody of Drew McCollum. Husband further requested that the court reduce his child support obligation and set child support as to both parties according to the Child Support Guidelines promulgated by the Tennessee Department of Human Services. Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.01 *et seq.* (1989, revised 1994) (Guidelines).

After a hearing, the trial court granted Husband's petition and awarded him physical custody of Drew McCollum. The trial court also modified Husband's child support obligation according to the Guidelines. The parties agree that the trial court apparently determined that Husband should pay 32% of his net income to Wife as support for the two children living with her and that Wife should pay 21% of her net income to Husband for the one child living with him. Instead of requiring each party to pay the other, the court ordered Husband to pay Wife the difference between the two amounts, which is $375.00 per month.[2]

_____

[2] Wife is employed by the State of Tennessee as a secretary in the District Attorney's Office and earns a gross monthly salary of $1507.00. Husband is employed by Electric Motor Service and earns a gross monthly salary of $2,456.84.

Wife perfected this appeal and presents the following issue, as stated in her brief, for our review:

> Whether the trial court properly applied the Child Support Guidelines when the mother has physical custody of two children and the father has physical custody of one child.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Wife argues that the trial court erred in applying the Guidelines to the situation in the present case in which she has exclusive physical custody of two children and Husband has exclusive physical custody of one child. In support of her argument, Wife points out that she is receiving less in support payments for the two children living with her than she would be entitled to receive if she had only one child living with her.

The Guidelines apply as a rebuttable presumption of the proper amount of support in all child support cases, including actions to modify child support. T.C.A. § 36-5-101(e)(1) (1996); *see also* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(3), (7). If the trial court finds the evidence sufficient to rebut the presumption because the application of the Guidelines would be unjust or inappropriate based upon the best interest of the children or the "equity between the parties," the court must make such a finding in writing and "state the amount of support that would have been ordered under the child support guidelines and a justification for the variance from the guidelines." T.C.A. § 36-5-101(e)(1) (1996); *see also* Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(7). As for the situations to which the Guidelines apply, the Guidelines provide the following:

> The guidelines are designed to apply to situations where children are living primarily with one parent but stay overnight with the other parent at least as often as every other weekend from Friday to Sunday, two weeks in the summer and two weeks during holidays throughout the year. These guidelines are designed to consider the actual physical custody of the child(ren), regardless of whether custody is awarded to one parent and visitation to the other or such an arrangement is ordered to be joint custody or split custody. In situations where overnight time is divided more equally between the parties, the courts will have to make a case-by-case determination as to the appropriate amount of support.
> . . .

Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.02(6).

It is conceded that the trial court applied the Guidelines to determine the relative child support obligations of the parties and we find no error in this determination.

Alternatively, Wife argues that the trial court failed to consider several factors in its application of the Guidelines. First, she points out that the trial court failed to consider that she has been providing medical insurance on all of the children. Wife asserts that, under the Guidelines, this is a factor justifying an upward adjustment in the amount of Husband's child support payments. Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4.-04(1)(a).

Wife relies on *Carden v. Carden*, No. 01-A-01-9502-CH00042, 1996 WL 6897298 (Tenn. App. Nov. 22, 1995), in which the trial court allowed a wife who was paying child support to deduct from her support payments the amount that she was paying for the children's medical coverage. *Id.* at *2. The husband appealed, arguing that this credit was contrary to the Guidelines. *Id.* at *4. After reviewing the Guidelines, this Court stated the following:

> The guidelines contemplate that the obligor parent will be responsible for providing medical insurance for the minor children. While they do not affirmatively place this obligation on the obligor parent, the guidelines state explicitly that the courts must increase the amount of child support required by the guidelines if the custodial parent is required to maintain medical insurance for the children because the obligor parent has not done so. Tenn. Comp. R. & Regs. r. 1240-2-4-.02(5); Tenn. Comp. R. & Regs. r. 1240-2-4-.04(1)(a) (1994).

> We interpret the guidelines to require the obligor parent to pay for the children's medical insurance in addition to whatever other child support might be required. The courts have little discretion with regard to this obligation and may only depart from the guidelines' requirements if they make written, specific findings concerning why it would be unjust or inappropriate to require a particular obligor parent to pay for the children's insurance.

*Id*. Because the trial court in that case did not make any written findings that it would be unjust or inappropriate for the wife to pay the premiums for her children's medical insurance, the Court held that the trial court should not have allowed her to credit these amounts against her child support obligations. *Id.*

Under the Guidelines, Wife is the obligor parent of Drew McCollum, and Husband is the

obligor parent of Zada and Rachel McCollum.[3]  In addition to their respective child support obligations under the Guidelines, Wife should be required to pay for medical insurance for one child, and Husband should be required to pay for medical insurance for two children.  The statement of the evidence indicates that Husband "testified that he [was] in the process of getting [medical] insurance on the children."  This, together with the original divorce decree requiring Wife to provide medical insurance on all of the children, leads us to conclude that Wife was, at least at the time of the trial of this cause, still providing medical insurance on all three children.[4]  The trial court did not make written findings that the Guidelines should not apply.  Therefore, if they do apply, Husband should be required to pay for medical insurance for the two children in Wife's custody or the amount of his child support obligations should be increased to this extent.  We note that Wife is still required to pay for medical insurance for the one child that is in Husband's custody.        Second, Wife asserts that the trial court erred in failing to consider Husband's failure to exercise standard visitation with Rachel, the parties' youngest child.  The Guidelines provide that the percentage awards in the Guidelines are the minimum amounts to be awarded and that the court *shall* increase the child support award for the following reasons:

> If the child(ren) is/are not staying overnight with the obligor for the average visitation period of every other weekend from Friday evening to Sunday evening, two weeks during the summer and two weeks during holiday periods throughout the year, then an amount shall be added to the percentage calculated in the above rule to compensate the obligee for the cost of providing care for the child(ren) for the amount of time during the average visitation period that the child(ren) is/are not with the obligor . . . .

Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.04(1)(b).

The statement of the evidence indicates that Husband exercises regular visitation with

---

[3]  The Guidelines provide that "the parent with whom the child(ren) live primarily will be referred to as the obligee and parent with whom the child(ren) do not live primarily will be referred to as the obligor."  Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(1).

[4]  In 1994, Wife filed a Motion to Enforce Decree with Respect to Child Support and a Motion to Modify Decree with Respect to Medical Insurance and Medical Expenses. Husband responded, asserting that there had been no substantial or material change in circumstances warranting a modification of the divorce decree with regard to medical insurance or expenses.  After a hearing, the trial court entered an order that "modified" Husband's child support obligations insofar as he was ordered to pay 41% of his income or $150 per week, whichever was greater, pursuant to the Child Support Guidelines.  The trial court made no mention as to any modification of Wife's obligation to pay for medical insurance on all of the children.

5

Zada, but that he sees Rachel "at his convenience." Under the Guidelines, courts must increase the child support award if the obligor parent fails to exercise standard visitation. As stated previously, the trial court did not make any written findings justifying deviation from the Guidelines and if they apply, the amount of Husband's child support obligation should be increased.

Finally, Wife asserts that the trial court erred in failing to consider that Husband's employer provides him with a company truck. The Guidelines require a court to include "in kind" remuneration in its determination of the obligor's gross income. Tenn. Comp. R. & Regs. tit. 10, ch. 1240-2-4-.03(3)(a). This "in kind" remuneration includes "fringe benefits such as a company car." *Id.*

Husband testified before the trial court that he "has the use of the truck at all times" and that "[h]is employer also provides all gasoline, insurance, upkeep, maintenance and repair on the vehicle." Because evidence of Husband's use of the company truck was before the trial court, the trial court should have considered whether the use of the truck constitutes "in kind" remuneration under the Guidelines and added the value of this remuneration, if any, to Husband's gross income. Again, without written findings justifying deviation from the Guidelines, the dictates of the Guidelines should apply to the particular circumstances of this case.

Although the trial court correctly determined that the Child Support Guidelines apply to both obligor parents, the case should be remanded to the trial court for further proceedings. Accordingly, the case is remanded to the trial court to consider Husband's child support obligation in light of his failure to pay for medical insurance for the two children in Wife's custody, his failure to exercise standard visitation with Rachel, and his use of a company truck. The trial court should follow the dictates of the Guidelines with respect to these issues or make written findings stating the justification for deviating from the Guidelines. The current child support obligation of $375.00 per month will remain in effect until a new support obligation is entered by the trial court.

Costs of appeal are assessed one-half against appellant and one-half against appellee, for which execution may issue, if necessary.

_____

6

                                        **W. FRANK CRAWFORD,**
                                        **PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**